1  Todd R. Miller (SBN 193688)
   MILLER IP
2  1122 E. Green Street
   Pasadena, CA 91106
3  Telephone: (626) 795-0500
   Facsimile: (626) 795-0615
4  E-mail: trmiller@millerip.com

5

6  Attorneys for Plaintiff
   CAPITAL SECURITY SYSTEMS, INC.
7

FILED
CLERK, U.S. DISTRICT COURT

SEP 30 2010

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION     BY DEPUTY

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11  CAPITAL SECURITY SYSTEMS, INC.,    Case No. CV 10-07322 - PA AJWx
12  an Illinois corporation,
                                       **COMPLAINT FOR PATENT**
13            Plaintiff,               **INFRINGEMENT**

14       v.                            **DEMAND FOR JURY TRIAL**

15  CU COOPERATIVE SYSTEMS, INC.,
    a California corporation,
16
              Defendant.
17

18

19       Capital Security Systems, Inc. files this Complaint against Cu Cooperative

20  Systems, Inc. for infringement of United States Patents 7,653,600; 5,987,439; and

21  5,897,625 (collectively, "patents-in-suit"), copies of which are attached as Exhibits

    1-3, respectively.
22

23                            **PARTIES**

24       1.    Capital Security Systems, Inc. ("Capital Security") is organized and

25  existing under the laws of Illinois. Capital Security maintains its principal place of

26  business at 2660 Albatross Rd., North #A, Delray Beach, Florida 33444.

27

28

1    2.    Cu Cooperative Systems, Inc. ("Defendant") is a California

2  corporation with a principal place of business at 9692 Haven Avenue, Rancho

3  Cucamonga, California 91730.

4                **JURISDICTION AND VENUE**

5    3.    This is an action for patent infringement arising under the patent laws

6  of the United States, Title 35, United States Code.  This Court has jurisdiction

7  pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338.

8    4.    Venue is proper under 28 U.S.C. §§ 1391 and 1400 as Defendant is

9  deemed to reside in this judicial district, has committed acts within it giving rise to

10  this action, and has and continues to conduct business in this district, including one

11  or more acts of making, selling, using, importing, and/or offering for sale products

12  or providing services and support to Defendant's customers in this judicial district.

13                **THE PATENTS-IN-SUIT**

14    5.    Capital Security owns, by assignment, all title, right, and interest in

15  and to United States Letters Patent 7,653,600 ("'600 patent"), entitled "Automated

16  Document Cashing System."  The United States Patent and Trademark Office

17  ("USPTO") duly and legally issued the '600 patent on January 26, 2010.  The '600

18  patent is in full force and effect.

19    6.    The '600 patent states that "[t]here is a need for an automatic banking

20  machine that includes an ATM-like machine that performs and allows a number of

21  service options, such as for example the withdrawal of cash, the deposit of cash, the

22  cashing of a check, the cashing of money order, the purchase of a money order, the

23  transfer of funds by wire, payment of a bill and purchase of end user items."  Exh. 1

24  at 86 (column 3, lines 38-44, hereinafter "[column number]:[line number]").

25    7.    The '600 patent fulfills this need by disclosing and claiming automated

26  banking machines that "perform the usual ATM functions, but also have such

27  significant security safeguards that they allow the cashing of monetary transaction

28  documents such as checks or money orders, or handling of cashing equivalent

1    transactions such as checks or money orders, or handling the cash equivalent

2    transactions such as making a deposit in the bank account of the user, without the

3    aid of a teller." Exh. 1 at 86 (3:50-55).

4         8.    Capital Security owns, by assignment, all title, right, and interest in

5    and to United States Letters Patent 5,987,439 ("'439 patent"), entitled "Automated

6    Banking System For Making Change On A Card Or User Account." The USPTO

7    duly and legally issued the '439 patent on November 16, 1999. The '439 patent is

8    in full force and effect.

9         9.    The '439 patent states that "[t]here is a need for an automatic banking

10   machine that includes an ATM-like machine that performs and allows a number of

11   service options, such as for example the withdrawal of cash, the deposit of cash, the

12   cashing of a check, the cashing of money order, the purchase of a money order, the

13   transfer of funds by wire, payment of a bill and purchase of end user items." Exh. 2

14   at 169 (3:57-63).

15        10.   The '439 patent fulfills this need by disclosing and claiming an

16   automated banking machine that allows for the payment of a bill or cashing of a

17   check, and does so without the need to dispense coins or small denomination

18   change to the user. Instead, "the machine of the present invention will transfer the

19   amount of change onto a credit card or a smart card balance and electronically

20   dispense the same to the user by storing the credit on the stored card balance.

21   Alternatively the machine will deposit the change balance into the user's account."

22   Exh. 2 at 170 (5:27-32).

23        11.   Capital Security owns, by assignment, all title, right, and interest in

24   and to United States Letters Patent 5,897,625 ("'625 patent"), entitled "Automated

25   Document Cashing System." The USPTO duly and legally issued the '625 patent

26   on April 27, 1999. The '625 patent is in full force and effect.

27        12.   The '625 patent states that "[t]here is a need for an automatic banking

28   machine that includes an ATM-like machine that performs and allows a number of

3

service options, such as for example the withdrawal of cash, the deposit of cash, the cashing of a check, the cashing of money order, the purchase of a money order, the transfer of funds by wire, payment of a bill and purchase of end user items." Exh. 3 at 246 (3:57-63).

13. The '625 patent fulfills this need by disclosing and claiming an automated banking machine that "performs the usual ATM functions but which additionally cashes money orders and checks for the user without the presence or the assistance of a teller. Additionally, the preferred and illustrated, automated banking machine system allows the depositing of cash into the machine and provides additional functions, such as transferring money by wire, depositing cash into an account or purchasing end user items from the machine." Exh. 3 at 246 (3:66-4:8).

## PATENT INFRINGEMENT CLAIMS

14. Capital Security restates and realleges each of the allegations set forth above and incorporates them herein.

15. Defendant is known as CO-OP Financial Services, previously known as CO-OP Network. *See* Exh. 4 at 260 (entitled "CO-OP Fact Sheet").

16. Defendant provides "[p]roducts" that include "[a] complete line of credit union management tools and services, all in one place under five business lines." Exh. 4 at 261.

17. The five business lines include CO-OP Network, CO-OP Payment Processing, CO-OP E-Commerce Solutions, CO-OP Shared Branching, and CO-OP Call Center Services (collectively, "Automated Banking Products"). *See* Exh. 4 at 261.

18. The CO-OP Network "[p]rovides 26 million cardholders with more ATMs than the biggest bank." Exh. 4 at 261.

19. The CO-OP Network includes "[o]ver 28,000 surcharge-free ATMs, including 9,000 deposit-taking ATMs." Exh. 4 at 261.

1        20.    The CO-OP Network includes "[o]ver 5,500 7-Eleven ATMs across 30

2   states." Exh. 4 at 261.

3        21.    CO-OP Payment Processing includes "CO-OP ATM Solutions."

4   Exh. 4 at 261.

5        22.    Defendant's website under "Payment Processing" and then under

6   "ATM" states:

7        CO-OP ATM Processing is a full-featured ATM driving solution with

8        everything you need to run an economical, reliable, leading-edge ATM

9        program, including:

10          • ATM Content Manager – create and download marketing messages to

11            your ATMs

12          • Check Imaging – the first end-to-end system that captures electronic

13            images of checks and verifies deposits at the ATM.

14   *See* Exh. 5 at 262 (CO-OP Financial Services website at http://www.co-

15   opfs.org/public/products/paymentProcessing/atm/index.cfm).

16        23.    According to a CO-OP Financial Services brochure, Defendant's

17   "Check Imaging Suite" includes "CO-OP My Deposit Home," "ATM Check

18   Imaging," "Fast Branch Kiosk," "CO-OP My Deposit Branch," and "CO-OP My

19   Deposit Merchant." *See* Exh. 6 at 263 (entitled "Increase ROI with CO-OP Check

20   Imaging Suite").

21        24.    With regard to "ATM Check Imaging," Defendant's brochure attached

22   as Exhibit 6 states: "No deposit slips to fill out.  No checks to process.  Your

23   members simply deposit their checks right at the ATM, and receive a receipt with

24   the scanned check image." Exh. 6 at 263.

25        25.    With regard to "Fast Branch Kiosk," Defendant states:

26        Rather than standing in the teller line, your members can use self service

27        kiosks to make check and cash deposits without envelopes or deposit slips,

28

1    make cash or check withdrawals, make loan payments by cash and check,

2    and get loan advances in cash or check form.

3  Exh. 6 at 263.

4        26.    Defendant's E-Commerce Solutions includes CO-OP Fast Branch. *See*

5  Exh. 4 at 261 ("CO-OP Fast Branch digitally capture, proof, and process check

6  deposits quickly and efficiently.").

7        27.    Defendant's Shared Branching includes "[o]ver 4,000 branches

8  nationwide, and around the world." Exh. 4 at 261.

9        28.    Defendant's Shared Branching "[a]llows credit union members to

10  make balance inquiries, deposits, withdrawals and loan payments, as well as obtain

11  loan advances, just as they would at their home credit union." Exh. 4 at 261.

12        29.    On information and belief, in violation of 35 U.S.C. § 271, Defendant

13  has directly, indirectly, contributorily, and/or by inducement infringed one or more

14  claims of the '600 patent in this judicial district and elsewhere in the United States,

15  literally and/or under the doctrine of equivalents.  By way of example, Defendant

16  makes, sells, uses, imports, and/or offers for sale its Automated Banking Products.

17  Such products include ATMs in which a check may deposited without an envelope;

18  kiosks in which a check may be deposited without an envelope; and/or associated

19  products and services that provide for envelope-free checking, including but not

20  limited to the CO-OP Check Imaging Suite with its ATM Check Imaging and Fast

21  Branch Kiosk, as set forth in Exhibit 6, and/or deposit-taking ATMs and 7-Eleven

22  ATMs of the CO-OP Network, as set forth in Exhibit 4.

23        30.    On information and belief, in violation of 35 U.S.C. § 271, Defendant

24  has directly, indirectly, contributorily, and/or by inducement infringed one or more

25  claims of the '439 patent in this judicial district and elsewhere in the United States,

26  literally and/or under the doctrine of equivalents.  By way of example, Defendant

27  makes, sells, uses, imports, and/or offers for sale its Automated Banking Products.

28  Such products include ATMs in which a check may deposited without an envelope

1 and/or a loan/bill may be payed; kiosks in which a check may be deposited without
2 an envelope and/or a loan/bill may be payed; and/or associated products and
3 services that provide for envelope-free checking or loan/bill payment, including but
4 not limited to the CO-OP Check Imaging Suite with its ATM Check Imaging and
5 Fast Branch Kiosk, as set forth in Exhibit 6, and/or deposit-taking ATMs or 7-
6 Eleven ATMs, as set forth in Exhibit 4.

7      31.    On information and belief, in violation of 35 U.S.C. § 271, Defendant
8 has directly, indirectly, contributorily, and/or by inducement infringed one or more
9 claims of the '625 patent in this judicial district and elsewhere in the United States,
10 literally and/or under the doctrine of equivalents. By way of example, Defendant
11 makes, sells, uses, imports, and/or offers for sale its Automated Banking Products.
12 Such products include ATMs in which cash or a check may be deposited without an
13 envelope with the option of cash withdrawal; kiosks in which cash or a check may
14 be deposited without an envelope with the option of cash withdrawal; and/or
15 associated products and services that provide for envelope-free checking and/or
16 cash deposit, including but not limited to the CO-OP Check Imaging Suite with its
17 ATM Check Imaging and Fast Branch Kiosk, as set forth in Exhibit 6, and/or
18 deposit-taking ATMs or 7-Eleven ATMs, as set forth in Exhibit 4.

19      32.    Defendant does not have a license, authority, or permission to use the
20 claimed subject matter of the patents-in-suit.

21      33.    On information and belief, Defendant has reaped significant financial
22 and other benefit from its use of the claimed subject matter of the patents-in-suit.

23      34.    Capital Security is entitled to recover from the Defendant the damages
24 sustained by Capital Security as a result of the Defendant's wrongful acts in an
25 amount subject to proof at trial.

26      35.    Defendant has been aware of the patents-in-suit at least as early as
27 service of this Complaint.

28

36. On information and belief, Defendant's infringement of the patents-in-suit, since at least service of this Complaint, has been and continues to be willful. As a result, Capital Security is entitled to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

37. Defendant will continue to infringe each of the patents-in-suit, and thus cause irreparable injury and damage to Capital Security, unless enjoined.

## PRAYER FOR RELIEF

WHEREFORE, Capital Security respectfully requests the following relief:

1. Enter judgment for Capital Security on this Complaint;

2. Enjoin the Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with the Defendant who receive notice of the order from further infringement of the patents-in-suit;

3. Award Capital Security damages resulting from Defendant's infringement, order the Defendant to account for and pay to Capital Security damages adequate to compensate Capital Security for the infringement of its patent rights, and award Capital Security its costs and pre-judgment and post-judgment interest at the highest rate allowable by law, pursuant to 35 U.S.C. § 284;

4. Award Capital Security treble damages in accordance with 35 U.S.C. § 284 as a result of Defendant's willful acts of infringement;

5. Declare this case exceptional under 35 U.S.C. § 285, and award Capital Security its attorney fees, costs, and expenses; and

6. Grant Capital Security such further relief to which the Court finds Capital Security entitled under law or equity.

///

///

///

///

8

1  Dated:   September 29, 2010              Respectfully submitted,

2                                          MILLER IP

3

4

5                                          By _____

6                                                   Todd R. Miller

7                                          Attorneys for Plaintiff
                                           CAPITAL SECURITY SYSTEMS, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### DEMAND FOR JURY TRIAL

2   Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 38-1 of the

3 Central District of California, Capital Security hereby demands a trial by jury on all

4 issues triable in this action.

5

6

7 Dated: September 29, 2010    Respectfully submitted,

8              MILLER IP

9

10

11             By _____
                Todd R. Miller

12

13             Attorneys for Plaintiff
             CAPITAL SECURITY SYSTEMS, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28